BOWEN, Judge.
Rodney Watters was indicted for the unlawful possession of cocaine in violation of Ala.Code 1975, § 13A-12-212(a)(l). This is an appeal[1] by the District Attorney of Jefferson County from the order of the circuit court suppressing the statements made by Rodney Watters.
The motion to suppress was submitted to the circuit court on the following stipulation of facts between the parties:
“1. On July 12, 1990, the Defendant was arrested and charged with unlawful possession of a controlled substance to-wit: cocaine.
“2. [0]n August 28, 1990, the Defendant, represented by retained counsel, the Honorable Mark Martin, waived preliminary examination and was bound over to await the action of the grand jury-
“3. Prior to the action of the grand jury the Defendant has made and missed two appointments with Deputy District Attorney, Jeff Wallace, Deferred Prosecution Administrator for the District Attorney’s Office. Defendant’s attorney was also stood up.
“4. On October 23, 1990, a letter was sent to the Honorable Mark Martin that the Defendant’s request to enroll in drug abuse treatment in lieu of prosecution had been denied.
“5. Subsequent to receipt of Mr. Wallace’s letter of October 23, 1990, Mr. Martin requested reconsideration of the decision of October 23, 1990. An appointment was scheduled by agreement for December 12, 1990.
“6. The Defendant was indicted for Unlawful Possession of Controlled Substances on or about December 7,1990, by the grand jury.
“7. A meeting at the District Attorney’s Office did take place on December 12, 1990, between the Honorable Jeff Wallace and the Defendant, Mr. Rodney Wat-ters, and his retained counsel, the Honorable Mark Martin.
“8. At this meeting the parameters or guidelines for the Deferred Prosecution Program were orally given to the Defendant and his attorney. The forms marked in open court on March 20, 1991, were executed by Mr. Wallace and the Defendant and his attorney who was present at all times. Copies of these forms are incorporated by reference and attached to this stipulation. They are Court’s Exhibit Numbers 1 through" 4 inclusive.
“9. Court’s Exhibit Number 5 is a confession by the Defendant admitting guilt. This was also executed in the presence of his attorney on December 12, 1990, and signed by the Defendant and witnessed by his attorney. This exhibit is also attached to this stipulation and is incorporated by reference.
“10. On December 14, 1990, a letter advising the Defendant’s attorney of his client’s acceptance into the Deferred Prosecution Program was mailed. This letter was received by Mr. Martin. This letter is to be received as Court’s Exhibit Number 6 and incorporated by reference.
“11. On January 15, 1991, the Defendant, Rodney Watters was arrested on charges of Kidnapping First Degree, Rape First Degree, and Sodomy First Degree. Those cases are awaiting the action of the grand jury after having *244 been bound over by a District Court Judge after a Preliminary Hearing.
“12. On March 18, 1991, the original Unlawful Possession of a Controlled Substance case was set for trial in this Honorable Court. On that date, had there been no subsequent arrest of this Defendant and he had otherwise complied with the terms of the Deferred Prosecution Program, the case would have been due to be dismissed.
“13. On March 18, 1991, the case was not dismissed and the State of Alabama and the Defendant announced ready for trial.
“14. On March 19, 1991, the case was called out to trial. A jury was struck that afternoon but was to be sworn on the morning of March 20, 1991.
“15. On March 20, 1991, the Defendant filed in open court a Motion to Suppress, a copy of which is to be marked as Court’s Exhibit Number 7, and is attached and incorporated by reference to this stipulation.
“16. This court has ruled adversely on this Motion to Suppress to the State. “17. In accordance with the Committee Comments of the Alabama Rules of Criminal Procedure as to Rule 1.5, the Parties and this Honorable Court do agree that this matter will be governed by the new rules.” R. 92-93.
Court’s Exhibit 1 is a “Permission to Conduct Search and to Seize Certain Property” signed by Watters and his attorney on December 12, 1990. R. 101. By that document, Watters granted the State permission to search any premises under his control. A portion of that permission stated: “I also understand that if any evidence is found, it will be used against me if it is evidence of a criminal offense, or if it is evidence that I have violated the conditions of deferred prosecution agreed to by me.” R. 101.
Court’s Exhibit 2 is a form signed by Watters titled “Deferred Prosecution Eligibility Guidelines.” R. 102. Section (5) of that form states:
“The Defendant must submit a signed Request to Enroll in Drug Abuse Treatment which includes Defendant’s statement that he wishes to waive any rights under the Constitution of Alabama or of the United States, concerning search and seizure or self-incrimination, to the extent that the exercise of the constitutional right would interfere with the administration of deferred prosecution.” R. 102.
Court’s Exhibit 3 is the “Deferred Prosecution Agreement” signed by Watters and his attorney on December 12, 1990. R. 103. Contained in that agreement is the following:
“The Defendant promises to comply with the Orders of the Court having jurisdiction of the charge made against Defendant, and Defendant promises to complete the required drug treatment program and to refrain from any criminal conduct, in exchange for the granting of deferred prosecution whereby Defendant has the opportunity to rehabilitate himself/herself through drug testing and treatment. Deferred prosecution is granted to Defendant by the District Attorney in exchange for the truthful representations made to the District Attorney by Defendant’s Request to Enroll in Drug Abuse Treatment, and for the permission given to the District Attorney by Defendant’s Permission to Conduct Search and to Seize Certain Property.” R. 103.
Court’s Exhibit 4 is the form titled “Deferred Prosecution Request to Enroll in Drug Abuse Treatment,” which was signed by Watters and his attorney on December 12, 1990. R. 104. A portion of that request reads as follows:
“The Defendant states that this request is made with knowledge that the Defendant’s rights concerning search and seizure, and self incrimination, must be waived to the extent necessary to consider this request, to rehabilitate the Defendant, and to protect the people of this state from the Defendant’s criminal behavior. The Defendant states that said constitutional rights are voluntarily waived in exchange for the opportunity for rehabilitation, should this *245 request be granted.” R. 104. (Emphasis added.)
Court’s Exhibit 5 is Watters’ confession given on December 12, 1990, in the presence of the deputy district attorney and Watters’ retained counsel. R. 105.
“On the afternoon that I got arrested, I was with Nevin Griggs and Roderick Hicks. When I got in they car, they had already gotten some ‘crack’ cocaine. We were going to crumble-up the ‘crack’ and mix it with cigarette tobacco and smoke it. This is called ‘prims.’ We had done this 11 or 12 times before. But on this day the police caught us. Nevin tried to get the policemen’s attention while Roderick tried to hide the cocaine. But the police made Nevin get back into the car, and then they found the cocaine.” R. 105.
The circuit court held that any admission made by a person applying for the district attorney’s program for pretrial diversion of prosecution must be suppressed where the person is not accepted into the program because he violated a condition of that program by committing another criminal offense. That court compared the situation of the parties under the Mandatory Treatment Act of 1990, Act. No. 90-390, 1990 Ala.Acts 537, to a plea bargaining situation. We find that analysis unsound. A consideration of the policy and purpose of the pretrial diversion program dictates that Watters’ statement be held voluntary and admissible.
The pretrial diversion program was established by the district attorney for Jefferson County under and pursuant to the Mandatory Treatment Act of 1990, codified at Ala.Code §§ 12-23-1 through 12-23-19 (Supp.1990). It is not analogous to plea negotiations in anticipation of entering a guilty plea. Such a comparison amounts to comparing apples and oranges.
Guilty plea negotiations are solely for the purpose of avoiding prosecution for a greater offense and getting the best “deal” possible in entering a guilty plea to a criminal offense. However, there are no “negotiations” in the pretrial diversion program. The accused either agrees to the conditions of the program or he or she is not eligible for the program.
The record shows that, without any doubt, those conditions, including the limited waiver of the constitutional right against self-incrimination, were known to Watters and his attorney before Watters requested acceptance into the program and before he made any statement. That evidence is not disputed.
Testimony at the suppression hearing from the deputy district attorney shows that both Watters and his attorney were advised that “anything that he says can be used against him if he’s prosecuted.” R. 30. It was made clear to Watters that he would have to admit his drug abuse and his commission of the charged offense in order to be admitted into the deferred prosecution program.
With a full knowledge of the consequences of his acts, Watters admitted his possession of crack cocaine and the circumstances surrounding his arrest in a short statement given December 12, 1990. Approximately one month after the appellant had been advised that he had been accepted into the program, he was arrested on charges of kidnapping in the first degree, rape in the first degree, and sodomy in the first degree.
The stated purpose of the Mandatory Treatment Act is:
“To establish a specialized court referral officer program to promote the evaluation, education and rehabilitation of persons whose use or dependency on alcohol or drugs directly or indirectly contributed to the commission of an offense for which they were convicted in state or municipal courts and to establish mandatory alcohol and drug abuse treatment programs to provide treatment and rehabilitation for these identified offenders.”
Ala.Code 1975, § 12-23-2 (Supp.1990). Before any defendant can be admitted to a drug abuse treatment and rehabilitation program, of necessity and reason, it must first be determined that the defendant is, in fact, a drug abuser. Only in this way can the State be assured that the defendant is *246 seeking treatment and rehabilitation — the purposes of pretrial diversion under the Mandatory Treatment Act of 1990 — and not merely the avoidance of prosecution. Only if the defendant is a drug abuser can he or she be treated and rehabilitated.
Watters’ statement was not involuntary. He had been fully advised of the consequences of his actions, of his statements, and of his admission to the program. His statement was made with the advice of and in the presence of his own counsel. Watters was not even in custody. Instead, Watters had voluntarily initiated contact with the district attorney in order to enroll in the diversion program. It was Watters who was seeking all the benefits of the diversion program. “[A] confession is not rendered involuntary by a promise of benefit that was solicited freely and voluntarily by the accused.” Eakes v. State, 387 So.2d 855, 860 (Ala.Cr.App.1978). "[A] confession is not rendered involuntary if it was made in response to a„ promise of benefit that was solicited by the accused.” Ex parte Siebert, 555 So.2d 780, 782 (Ala.1989), cert. denied, — U.S.-, 110 S.Ct. 3297, 111 L.Ed.2d 806 (1990).
Any other decision erodes, if not completely destroys, the effectiveness of the pretrial diversion program and allows a criminal defendant to play games with the district attorney and the criminal justice system. For these reasons, the judgment of the circuit court ordering the suppression of the Watters’ statements is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.

. This case was originally submitted to another judge on the Court of Criminal Appeals on July 10, 1991. It was resubmitted to Judge Bowen on December 6, 1991.